JOSÉ F. CAMUÑAS, Appellant, *v*. THE REGISTRAR OF PROPERTY OF RÍO PIEDRAS, Respondent.

No. 1282. Submitted May 1, 1952.—Decided May 8, 1952.

*José F. Camuñas pro se.* The Registrar appeared by brief.

Mr. Justice Snyder delivered the opinion of the Court.

By public deed of July 31, 1951 José F. Camuñas acquired by purchase from Elvira and Carlos Juan Filomeno Ramírez the 1/30 joint ownership that each of them had in a parcel of land consisting of 3.25 cuerdas, after deducting 437.60 square meters and 1,286 square meters acquired by condemnation by the People of Puerto Rico. (With these deductions the tract consisted of 2.6663 cuerdas.) When Camuñas presented the deed for recordation, the Registrar made the following ruling: "The preceding document is recorded in view of the deed of emancipation at folio 227 of volume 478 of Río Piedras, farm No. 157, inscription 5, as a farm consisting of 1.6663 cuerdas and recordation is denied as to the difference of one cuerda as the same is reserved in favor of José Pilar Isaac, as shown in the second inscription of the farm . . . ". The petitioner filed an administrative appeal from the ruling of the Registrar.

The petitioner has filed a certified copy of the inscriptions of the farm in question. The first inscription was made on September 24, 1941 of a farm of 3.25 cuerdas in favor of Ubaldo, Manuel Abad, Elvira and Carlos Juan Filomeno Ramírez—all minors—and Guillermo Torres Cruz and Francisca Gandía Fantauzzi, husband and wife, in the following proportions: 1/30 for each of the four minors; 26/30 for the said husband and wife.

The second inscription was made in 1943 as a result of the death of Guillermo Cruz Torres. After his death, by a deed of partition approved by the district court, his widow waived her usufructuary rights in the said farm, and the interests of herself and her husband therein were adjudicated to Raquel Antonia Torres, the minor daughter of the husband by a previous marriage. The deed of partition, exe-

cuted by Francisca Gandía widow of Torres and the tutor of Raquel Antonia Torres, recited the following:

"The parties explain that from investigation and the personal knowledge of the executing parties, it is absolutely certain that Mr. José Pilar Isaac owns a plot of one cuerda of this farm, which the same persons who sold it to the predecessor in interest conveyed to him, duly laid out and with its boundaries established, located on the west side of the farm, extending from the insular road between Río Piedras and Carolina along the entire length or breadth of the principal lot it resulting from the facts recited that the predecessor in interest acquired only 26/30 parts of a lot of 2.25 cuerdas of this farm, the 4/30 remaining parts of the land belonging to Ubaldo, Manuel Abad, Elvira and Carlos Juan Filomeno Ramírez, whose participation is undivided in the total amount of the farm, which makes it necessary first to make a definite decision with reference to the said 4/30 parts before being able to execute the deed of separation in favor of José Pilar Isaac; and this point having been clarified, the participation in the said farm corresponding to the said predecessor in interest is adjudicated, after separating the parcel belonging to José Pilar Isaac . . . By virtue thereof, I inscribe in favor of Raquel Antonia Torres and Francisca Gandía Fantauzzi widow of Torres, the participation in this farm corresponding to the predecessor in interest, after deducting the parcel corresponding to José Pilar Isaac, which they acquired in the proportion and in the manner indicated."

The third inscription, dated December 16, 1943, shows Manuel Abad Filomeno Ramírez selling his 1/30 part of the tract described in the first inscription to Francisca Gandía widow of Torres. The fourth inscription, dated February 10, 1944, shows Ubaldo Filomeno Ramírez selling his 1/30 part of the tract described in the first inscription to Francisca Gandía widow of Torres. There are two marginal notes on the second inscription, dated August 19, 1947, disclosing that 437.60 and 1286 square meters, respectively, were segregated by condemnation proceedings in favor of the People of Puerto Rico.

We agree with the petitioner that these recordations fail to disclose that Elvira and Carlos Juan Filomeno Ramírez ever committed themselves to the theory that one cuerda of the original 3.25 cuerdas belonged to José Pilar Isaac. The Registrar argues that they did not join in the explanation found in the second inscription because they were minors. But that can scarcely be advanced as a reason for permitting the other joint owners to deprive them of their property rights.

We find irrelevant the argument of the Registrar that Francisca Gandía widow of Torres acquired 2/30 parts of the tract from Manuel Abad and Ubaldo and that the widow would be estopped to deny the ownership by José Pilar Isaac of one cuerda of the tract insofar as it affects the said 2/30 parts as she joined in the deed described in the second inscription. We make no comment on that point as it is not involved here. We are concerned only with the deed before us whereby Elvira and Carlos Juan conveyed their 2/30 shares to the petitioner.

The Registrar also argues that perhaps the previous Registrar "ought to have objected to the placing of the mention in the Registry as to the owners of the 4/30 parts who neither concurred in the deed nor consented to the same. He did not do this and the inscription today, for the present Registrar, has the force of *res judicata*." We think the Registrar has misconceived the scope of the clarification contained in the deed recorded in the second inscription. On its face it purports to bind only those in the chain of title as to 26/30 parts of the tract. Consequently, even treating it as valid and without attempting in this proceeding to reverse the action of the previous Registrar in recording it, it cannot be construed as having any effect on the property rights of Elvira and Carlos Juan who, the recordations show, never joined in such recognition of the rights of José Pilar Isaac insofar as their own property rights are concerned.

In view of the foregoing, we cannot see in what way § 29 of the Mortgage Law, cited by the Registrar, supports his ruling here.

The ruling of the Registrar will be reversed and he will be ordered to record the deed of July 31, 1951 of Elvira and Carlos Juan to the petitioner as conveying the 2/30 parts of the 2.6663 cuerda tract.